Green, J.
delivered the opinion of the court.
In the charge of the court, we think there is error. The notice required by the act of assembly of 1799, ch. 14, sec. 1, was intended for the benefit of the defendant in an execution, that he might be present and divide the land into different lots if he should so desire, as provided for by the third section of the act. It would seem, therefore, wholly useless to require proof that a written notice was served upon him, if it clearly appear that he had all the knowledge such notice would communicate, and was actually present at the sale. But in this case, to permit the defendant to avoid this deed for want of the written notice, would enable him to practice a gross fraud upon the lessor of the plaintiff. The proof shows that the defendant, after the levy and before the sale, applied to the lessor of the plaintiff and procured him to purchase the land. After the sale, and after the two years for redemption had expired, the lessor of the plaintiff agreed to give the defendant forty dollars more for the land than had been bid at the sale. Shall it now be' said, that he shall avail himself of this informality of the sheriff to defeat the title acquired by his procurement, and partly for his benefit? This would be departing from the spirit of the act, and sticking to the letter merely. When the defendant procured the lessor of the plaintiff to purchase the land, he *217 evinced he possessed all the information the written non . , , , „ , . . .„ tice would communicate, and the lessor or the plaintiff had a right to suppose it had been regularly given. The defendant, by his conduct, assisted in making the sale, stood by at the time, and had an understanding with the purchaser for his benefit. All this amounts to a waiver of notice. We are of opinion that the judgment should be reversed, and the cause remanded for another trial to be had therein.
Judgment reversed.